# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In Re Phia Group LLC Data Security Litigation* | Case No. 1:26-cv-10530-AK<br><br>**ORDER GRANTING PLAINTIFFS WILLIAMS AND BRYAN'S MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL AND LIAISON COUNSEL**<br><br>Judge:      Hon. Angel Kelley |

THIS MATTER comes before the Court on Plaintiffs Williams and Bryan's Motion for Appointment of Interim Class Counsel and Liaison Counsel.

GOOD CAUSE APPEARING, the motion for appointment of interim class counsel and liaison counsel is GRANTED.

1.      Without prejudicing the propriety of class certification, the Court hereby appoints attorneys Amber L. Schubert of the law firm Schubert Jonckheer & Kolbe LLP and Gerald D. Wells, III of Lynch Carpenter LLP as Interim Co-Lead Class Counsel pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure.

2.      Without prejudicing the propriety of class certification, the Court hereby appoints attorney Ian J. McLoughlin of the law firm Shapiro Haber & Urmy LLP as Interim Liaison Counsel.

3.      Interim Co-Lead Class Counsel shall be responsible for the overall conduct of the litigation on behalf of the plaintiffs in this consolidated action. In particular, Interim Co-Lead Class Counsel shall have the sole and exclusive responsibility to:

    a.      Investigate the claims, including interviews of witnesses, collection of evidence, and retention of consultants, investigators, and experts;

    b.      Sign any pleadings, motions, briefs, discovery requests or objections, subpoenas, or notices on behalf of plaintiffs;

    c.      Prepare and file a consolidated complaint, including formulating pleading strategies;

    d.      Conduct and coordinate discovery on behalf of plaintiffs, including any motion practice related thereto;

    e.      Brief and argue the motion to dismiss;

f.  Brief and argue the motion for class certification;

g.  Negotiate with defense and other counsel with respect to potential settlement and other matters after adequate due diligence;

h.  Enter into stipulations necessary for the conduct of the litigation with opposing counsel;

i.  Consult, as necessary in the best interests of the putative classes, with any additional counsel for plaintiffs appearing in the consolidated action to obtain their input concerning strategy and to be the primary spokespersons for the putative classes;

j.  Assign, delegate, and supervise work assignments to other plaintiffs' counsel;

k.  Act as Interim Co-Lead Class Counsel in any appeal prior to the appointment of Class Counsel;

l.  Collect time and expense reports from any other plaintiffs' firms appearing in the consolidated action tasked with work assignments; and

m.  Advance and protect the interests of the putative classes in all respects and to honor all its responsibilities, including making sure that all representations and commitments made on their behalf are honored.

4.  Interim Liaison Counsel shall perform functions as directed by Interim Co-Lead Class Counsel, or as may be expressly directed by Order of the Court.

5.  Interim Liaison Counsel and all other plaintiffs' counsel who are or may become involved in the Consolidated Action are prohibited from undertaking any work (including filings, discovery, or other litigation activities) or taking any action on behalf of the putative Class in this

Consolidated Action without advance authorization from Interim Co-Lead Class Counsel, except for an application to modify or be relieved from this order. Interim Co-Lead Class Counsel and Interim Liaison Counsel shall take all reasonable steps to avoid duplicative work and ensure that work is performed efficiently.

6.     No pleadings or other papers shall be filed or tasks performed by plaintiffs' counsel in the consolidated action without the advance approval of Interim Co-Lead Class Counsel. No discovery shall be conducted by the plaintiffs without the advance approval of Interim Co-Lead Class Counsel. This is intended to prevent duplication of pleadings, discovery, or tasks by plaintiffs' counsel.

7.     All Plaintiffs' counsel, including Interim Liaison Counsel, shall maintain contemporaneous and detailed time and expense records. Interim Co-Lead Class Counsel shall collect these records on a regular basis and review them to ensure that only authorized, reasonable, and non-duplicative work is submitted for potential reimbursement.

8.     Consistent with these responsibilities, the Court will enter the separate order attached as Exhibit A outlining billing guidelines concerning costs, expenses, and attorneys' fees in the consolidated action.

9.     The Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation. Accordingly, the mere communication of otherwise privileged information among and between plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product immunity.

10.     All further scheduling issues in the consolidated action shall be addressed in a joint proposed briefing schedule to be filed by the parties contemporaneously with this proposed order.

11.     Counsel for all parties are directed to cooperate with one another, wherever possible, to promote the expeditious handling of pre-trial proceedings in the consolidated action.

IT IS SO ORDERED.


Dated: ___4/2/2026_____          //s Angel Kelley

                                       _____

                                                Angel Kelley
                                              U.S. District Judge